DMB:ZA
F.#2011R00657



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - -x
IN THE MATTER OF AN APPLICATION         :
OF THE UNITED STATES OF AMERICA         :    SEALED APPLICATION
FOR AN ORDER AUTHORIZING THE RELEASE    :
OF HISTORICAL CELL-SITE INFORMATION     :
- - - - - - - - - - - - - - - - - - - - -x

    Zainab Ahmad, an Assistant United States Attorney for the Eastern District of New York, hereby applies to the Court for Orders pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days T-Mobile (the "service provider") disclose recorded information identifying the base station towers and sectors that received transmissions from 347-399-7993, a telephone issued by the service provider with IMSI number 310260486437846, subscribed to by Thomas E. Merritt, 11 McKeever Place, Apartment 8B, Brooklyn, New York, 11225 (the "SUBJECT TELEPHONE"), at the beginning and the end of calls or text message transmissions, and the mobile switching center serving the SUBJECT TELEPHONE during any calls or text message transmissions, for the period from January 28, 2011 until 11:00 a.m. Eastern Time on the date that the Court issues the proposed Orders (collectively, "the HISTORICAL CELL-SITE INFORMATION").

    In support of this application I state the following:

    1. I am an Assistant United States Attorney in the Office of Loretta E. Lynch, United States Attorney for the Eastern District of New York. As such, I am a duly-authorized

representative of a "governmental entity" under 18 U.S.C. § 2703(c) and (d) and, as such, am authorized to apply for Orders authorizing the disclosure of the HISTORICAL CELL-SITE INFORMATION.

  2. The Court is authorized to order the disclosure of the HISTORICAL CELL-SITE INFORMATION upon the government offering specific and articulable facts showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation. 18 U.S.C. § 2703(d).

  3. I have discussed this matter with a special agent of the Federal Bureau of Investigation (the "investigative agency"), who is involved in the investigation. Based upon my discussion with the agent, I believe that the information likely to be obtained is relevant to an ongoing criminal investigation as required by 18 U.S.C. § 2703(d). First, the investigative agency is conducting a criminal investigation into possible violations of federal criminal laws, including racketeering, murder, robbery and conspiracy offenses in violation of 18 U.S.C. §§ 924(j), 1951(a), 1959, 1962(c) and 1962(d). Second, it is believed that subject TREVELLE MERRITT, and others known and unknown, have used the SUBJECT TELEPHONE in furtherance of the above offenses. Third, HISTORICAL CELL-SITE INFORMATION will further the investigation by corroborating the observations of

surveillance agents; corroborating the statements of witnesses; and providing leads as to subjects' residences and meetings, and location of evidence.

   4. Based upon discussions with a special agent of the investigative agency, the government hereby sets forth the following specific and articulable facts showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation. This investigation has established information indicating that the target is using the SUBJECT TELEPHONE.

   a. On or about January 28, 2011, shortly after 5:00 p.m., an individual identified herein as "the victim" was found murdered at 47 McKeever Place, Brooklyn, New York. The victim had been shot twice, once in the back of the head and once in the shoulder. At the time of his death, he was found to be in possession of marijuana and approximately $1,960 in cash.

   b. On or about April 6, 2011, TREVELLE MERRITT was interviewed about his involvement in the aforementioned murder. MERRITT stated that the victim was a marijuana dealer whom he and JAMAL LAURENT had planned to rob on January 28, 2011. According to MERRITT, he called the victim to arrange a purchase of marijuana on that date. He and LAURENT then met the victim at 47 McKeever Place, Brooklyn, New York. After MERRITT had purchased marijuana from the victim, LAURENT pulled out a gun and

3

demanded the victim give LAURENT everything he had. When the victim refused, LAURENT shot at him several times.

      c. According to MERRITT, in the hour leading up to the murder, he made several phone calls to the victim. MERRITT was using the SUBJECT TELEPHONE and the victim's phone number was 347-274-7612.

      d. According to the toll records from the SUBJECT TELEPHONE, MERRITT and LAURENT called each other several times on the date of the murder. In addition, MERRITT called the victim several times on the date of the murder

      e. According to the subscriber records for the SUBJECT TELEPHONE, it is registered to Thomas E. Merritt. Thomas E. Merritt is TREVELLE MERRITT's father.

    5. Based upon the above proffer, the government requests that the Court issue Orders that provide, pursuant to 18 U.S.C. § 2703(c)(1) and (d), a directive to the service provider to supply within seven days the HISTORICAL CELL-SITE INFORMATION for the period from January 28, 2011 until 11:00 a.m. Eastern Time on the date that the Court issues the proposed Orders.

    6. The government also requests that the service provider, and any other person or entity whose assistance is used to facilitate execution of the Orders be ordered not to disclose (a) the existence of the Order of Authorization; (b) the

existence of the Order to Service Provider and (c) the production of the HISTORICAL CELL-SITE INFORMATION, to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person, unless and until otherwise ordered by the Court. Any such disclosure might cause a target to flee from prosecution; result in the destruction of or tampering with evidence; risk intimidation of potential witnesses; and seriously jeopardize the investigation.

7. No prior request for the relief set forth herein has been made except to the extent set forth above. The foregoing is affirmed under the penalties of perjury. See 28 U.S.C. § 1746.

Dated: Brooklyn, New York
April 25, 2011

_____
Zainab Ahmad
Assistant United States Attorney
(718) 254-6522

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK   11-284

- - - - - - - - - - - - - - - - - - - - x
IN THE MATTER OF AN APPLICATION         :
OF THE UNITED STATES OF AMERICA         :   SEALED ORDER
FOR AN ORDER AUTHORIZING THE RELEASE    :   <u>OF AUTHORIZATION</u>
OF HISTORICAL CELL-SITE INFORMATION     :
- - - - - - - - - - - - - - - - - - - - x

     This matter having come before the Court pursuant to an application by Assistant United States Attorney Zainab Ahmad, an attorney for the Government as defined by Rule 1(b)(1) of the Federal Rules of Criminal Procedure and a duly-authorized representative of a "governmental entity" under 18 U.S.C. § 2703(c) and (d), requesting Orders pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days T-Mobile (the "service provider") disclose recorded information identifying the base station towers and sectors that received transmissions from 347-399-7993, a telephone issued by the service provider with IMSI number 310260486437846, subscribed to by Thomas E. Merritt, 11 McKeever Place, Apartment 8B, Brooklyn, New York, 11225 (the "SUBJECT TELEPHONE"), at the beginning and the end of calls or text message transmissions, and the mobile switching center serving the SUBJECT TELEPHONE during any calls or text message transmissions, for the period from January 28, 2011 until 11:00 a.m. Eastern Time on the date that the Court issues the proposed Orders (collectively, "the HISTORICAL CELL-SITE INFORMATION");

UPON REVIEW OF THE APPLICATION, THE COURT HEREBY FINDS THAT:

Pursuant to 18 U.S.C. § 2703(c)(1) and (d), the government has offered specific and articulable facts showing that there are reasonable grounds to believe that the HISTORICAL CELL-SITE INFORMATION is relevant and material to an ongoing criminal investigation into possible violations of federal criminal laws, including racketeering, murder, robbery and conspiracy offenses in violation of 18 U.S.C. §§ 924(j), 1951(a), 1959, 1962(c) and 1962(d), being conducted by the FBI (the "investigative agency"); now therefore,

IT IS HEREBY ORDERED, pursuant to 18 U.S.C. § 2703(c)(1) and (d), that the service provider shall supply to the investigative agency within seven days the HISTORICAL CELL-SITE INFORMATION for the period from January 28, 2011 until 11:00 a.m. Eastern Time on the issuance date of this Order;

Good cause having been shown, IT IS FURTHER ORDERED, that this Order and the application be sealed until otherwise ordered by the Court, and that the service provider, its representatives, agents and employees, and any other person or entity involved in facilitating this Order shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of this Order, the existence of the Order to Service Provider or the production of the HISTORICAL CELL-SITE

INFORMATION to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person.

Dated:   Brooklyn, New York
         April 25, 2011

_____
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

 M. 11-284

- - - - - - - - - - - - - - - - - - - - - x
IN THE MATTER OF AN APPLICATION          :
OF THE UNITED STATES OF AMERICA          :    SEALED ORDER TO
FOR AN ORDER AUTHORIZING THE RELEASE     :    SERVICE PROVIDER
OF HISTORICAL CELL-SITE INFORMATION      :
- - - - - - - - - - - - - - - - - - - - - x

WHEREAS this Court has, upon the application of the United States of America, entered an Order pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days T-Mobile (the "service provider") disclose recorded information identifying the base station towers and sectors that received transmissions from 347-399-7993, a telephone issued by the service provider with IMSI number 310260486437846, subscribed to by Thomas E. Merritt, 11 McKeever Place, Apartment 8B, Brooklyn, New York, 11225 (the "SUBJECT TELEPHONE"), at the beginning and the end of calls or text message transmissions, and the mobile switching center serving the SUBJECT TELEPHONE during any calls or text message transmissions, for the period from January 28, 2011 until 11:00 a.m. Eastern Time on the date that the Court issues the proposed Orders (collectively, "the HISTORICAL CELL-SITE INFORMATION")

NOW THEREFORE, IT IS HEREBY:

ORDERED, pursuant to 18 U.S.C. § 2703(c)(1) and (d), that the service provider shall supply within seven days the HISTORICAL CELL-SITE INFORMATION for the period from January 28,

2011 until 11:00 a.m. Eastern Time on the issuance date of this Order;

IT IS FURTHER ORDERED that this Order shall be sealed until otherwise ordered by the Court, except that copies may be retained by the United States Attorney's Office, the Federal Bureau of Investigation, the service provider and any other person or entity whose assistance is used to execute this Order; and

IT IS FURTHER ORDERED that unless and until otherwise ordered by the Court, the service provider and its representatives, agents and employees, and any other person or entity providing technical assistance in executing this Order shall not disclose until further notice in any manner, directly or indirectly, by any action or inaction, the existence of the this Order or the production of the HISTORICAL CELL-SITE INFORMATION, to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person.

Dated:    Brooklyn, New York
          April 25, 2011

UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

2